DECKER SCHOOL TOWNSHIP OF KNOX COUNTY
ET AL. *v.* DECKER.

[No. 15,870. Filed April 20, 1938.]

*Ramsay & Grayson* and *Walter F. Wood,* for appellants.

*Shake & Kimmell* and *Charles H. Bedwell,* for appellee.

DUDINE, P. J.—This is an appeal from a declaratory judgment which declared appellee a "permanent teacher" in Decker School Township, in Knox County, Indiana.

The cause was instituted by appellee. The complaint was filed on August 19, 1935. It alleged among other facts that appellee had taught school in said township each school year from 1923 to 1935, but that appellant trustee had informed him that he would not be permitted to teach in said school corporation during the school year 1935-1936. It further alleged that appellee was a duly licensed teacher. The complaint prayed "a declaratory judgment, construing, fixing and determining the plaintiff's rights and status . . ."

Appellants addressed a demurrer to the complaint for insufficiency of facts. The demurrer was overruled whereupon appellants filed answer in four paragraphs. It is not necessary that we discuss said answer. The cause was submitted to the court for trial on said pleadings and the court found that appellee was entitled to teach in the public schools in said township as a permanent teacher, and rendered judgment accordingly.

Appellant filed a motion for a new trial which was overruled, and perfected this appeal. The errors assigned are alleged error in sustaining the demurrer to the complaint and alleged error in overruling the motion for new trial.

Appellants contend the demurrer to the complaint should have been sustained because the complaint did not allege that the contract had not been cancelled. Such fact, if it existed, was a matter of defense, and therefore it was not necessary to allege it in the complaint.

The causes for new trial set up in the motion therefor, and discussed in appellants' brief are: (1) the de-

cision is not sustained by sufficient evidence; (2) the decision is contrary to law. Appellants contend, in support of each of said assigned causes for new trial, that the evidence shows that appellee's contract was cancelled, and that appellee did not take an appeal to the county superintendent of schools. Appellants rely upon Chap. 97, Acts 1927, page 260.

That act was amended by Chap. 116, Acts 1933, page 716, which does not provide an appeal to the county superintendent of schools from an order of a school board cancelling a permanent teacher's contract. Chap. 116, Acts 1933, *supra,* is applicable here. In view of said act appellee was not bound by the alleged cancellation of the contract because he did not take an appeal from such order. to the county superintendent. In fact appellee did not have such a right of appeal.

No reversible error having been shown, the judgment is affirmed.